GONZÁLEZ, DEMANDANTE Y APELADA, *v.* COMISIÓN DE INDEMNIZACIONES A OBREROS, DEMANDADA Y APELANTE.

No. 3221.—*Visto:* Marzo 10, 1924. *Resuelto:* Mayo 6, 1924.

APELACIÓN DE DECISIONES EN *Certioraries*—TRANSCRIPCIÓN DE LA EVIDENCIA POR EL TAQUÍGRAFO—DESESTIMACIÓN DE APELACIÓN.—El procedimiento de la transcripción de la evidencia por el taquígrafo no es adecuado para formalizar la apelación de una resolución dictada en *certiorari* contra la Comisión de Indemnizaciones a Obreros, cuando en la vista no se practicó prueba. Por tal razón se eliminó del récord de este caso, a petición de la apelada, una certificación del taquígrafo titulada ''aprobación de la exposición del caso,'' autorizada por el juez sentenciador, comprensiva de los procedimientos que tuvieron lugar ante la comisión demandada. No habiendo, pues, una verdadera exposición del caso y resultando que la transcripción se radicó después de treinta días de archivado el escrito de apelación, el recurso fué desestimado.

*El Attorney General, R. H. Todd, Jr., J. A. López Acosta* y *C. Llauger Díaz,* abogados de la apelante; *C. Iriarte, Jr.,* y *R. Castro Fernández,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Se trata de una moción de los demandantes solicitando se elimine la transcripción del récord y se desestime la apelación.

La apelante, al interponer su recurso, pidió que de acuerdo con la ley número 27, proveyendo la substitución del pliego de excepciones y exposición del caso por la transcripción de la evidencia, aprobada en noviembre 27, 1917 (2, p. 275), se ordenara al taquígrafo hacer y preparar la transcripción del récord conforme a dicha ley.

Los apelados se opusieron a que se utilizara este medio de apelación, alegando que en el acto de la vista del *certio-*

*rari* no se practicó prueba alguna sino que solamente la corte inferior se limitó a considerar los procedimientos habidos en la comisión demandada (*return*).

La corte inferior, no obstante, ordenó al taquígrafo preparara fiel y completamente el récord del caso, pero de los autos aparecen dos certificaciones del juez inferior, una aprobando una llamada exposición del caso que comprende el legajo de la sentencia y está certificada por el secretario, y la otra, titulada "aprobación de la exposición del caso," la que contiene todos los procedimientos que tuvieron lugar en la comisión demandada, certificados por el taquígrafo y certificada a su vez con la firma original del juez inferior. La sección 1ª. de la ley número 27, aprobada en noviembre 27, 1917, dice:

"En lugar de preparar el pliego de excepciones o la exposición del caso que determina el artículo 299 del Código de Enjuiciamiento Civil, con el fin de que se revise en grado de apelación cualquier materia u orden revisable en la apelación de una sentencia final, podrá radicarse en poder del Secretario de la corte de cuya sentencia, orden o resolución se hubiere apelado, un escrito solicitando que se haga y prepare una transcripción de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, y de todas las resoluciones, actos o manifestaciones de la corte, así como de todas las objeciones y excepciones de los abogados y cuestiones o materias que con la misma se relacionen. Dicho escrito deberá presentarse dentro de diez días después de haberse archivado la apelación."

Como en el procedimiento de *certiorari* el auto diligenciado constituye la contestación del demandado, así como la prueba y el caso se celebra por virtud del mismo, y no otra cosa se ha hecho en el presente caso, no vemos que el taquígrafo pueda certificar de procedimientos que no han tenido lugar ante él. El caso sería lo mismo que si el taquígrafo hubiera certificado la primera llamada exposición, que comprende el legajo de la sentencia. Desde luego que si se tratara de un *certiorari* en que el procedimiento comprendiera cualquiera de las actuaciones a que se refiere la ley

substituyendo la exposición del caso o pliego de excepciones por las notas taquigráficas, claro es que entonces procedería la transcripción de tales actuaciones por el taquígrafo como medio de apelación. Pero de otro modo, la naturaleza del *certiorari* parece que no es conciliable con esa forma de preparar el récord cuando solamente es objeto de consideración el auto diligenciado, no existiendo otra alegación formal del demandado y sin que se tenga que ofrecer ni practicar evidencia de ninguna clase.

El método, por consiguiente, seguido para que nos ponga en condiciones de revisar el auto diligenciado, no es el adecuado y debe, pues, declararse con lugar la moción, eliminando del récord de esta apelación la titulada exposición del caso certificada por el taquígrafo.

Y resultando por esta declaración que no existe en los autos un verdadero pliego de excepciones o exposición del caso, era el deber del apelante elevar el récord de este caso a esta Corte Suprema dentro de los 30 días siguientes a la fecha del archivo del escrito de apelación y, no habiéndolo así cumplido de acuerdo con lo que dispone el Reglamento de esta corte y la jurisprudencia aplicable, la *apelación debe desestimarse*.

El Juez Asociado Sr. Hutchison disintió.